# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ELMER WEBB SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1402 ERW |
| | ) | |
| ST. JOHNS BANK & TRUST COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis and motion for temporary restraining order. The motion to proceed in forma pauperis will be granted and the motion for temporary restraining order will be denied. Additionally, the Court will dismiss the complaint without prejudice.

Under 28 U.S.C. § 1915(e) the Court is required to review a complaint filed in forma pauperis and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged breach of contract. Plaintiff alleges that St. Johns has breached an agreement to release plaintiff's collateral for a loan and that, as a result, plaintiff is unable to sell the property. Plaintiff demands

release of the property and requests that the Court stop St. John's attempt to foreclose on it. Plaintiff also demands $20,000 in money damages.

Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). There are no allegations in the complaint that St. Johns has acted in concert with public servants acting under color of state law. As a result, the complaint fails to state a cause of action against St. Johns under § 1983. Additionally, the purpose of § 1983 is to provide a cause of action for constitutional violations, and the allegations in the complaint do not rise to that level.

Having established that there is no federal question, the Court addresses whether it has jurisdiction to hear this case. Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. The amount in controversy in this case is $20,000, which is insufficient to establish diversity jurisdiction. Consequently, the Court will dismiss this case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and plaintiff's motion for temporary restraining order will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

An Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 8th Day of August, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE